DUCKER, JUDGE:
In May 1970 pursuant to a proclamation of the Governor establishing a program designed as “The West Virginia Rolling River Campaign and Celebration”, the respondent sent to a designated Chairman in each County a brochure for the purpose of the celebration and for the paying of statewide tribute to workers in the campaign and to “establish a scholarship for high school students pursuing conservation careers”. Larry James of Oak Hill, Fayette County, West Virginia, now claims that pursuant to the representations made in the brochure and by the respondent he performed services in response to and in accordance with the brochure and that he is now entitled to a scholarship in a State college or compensation for the time he worked on the project in the amount of $2300.00.
The evidence is that about three months before the end of the school year in the Spring of 1970 and when claimant was a Junior in the high school in Fayette County, the brochures were handed out to the students and about twenty of the students, including claimant, applied for service in the project. They were advised to see the Project Chairman in the County, Harry Marshall, who was also a Probation Officer of the Circuit Court. All of the twenty students, except the claimant and <?ne Keith Smith, dropped out of the project, with only James continuing his work thereon for over a year.
Claimant testified that he and Keith Smith drew up plans for the reclamation of a strip mining area by eliminating water flooding through an old mine air shaft, which had caused soil washout and erosion in the Minden area in the County. The plans which the *32 claimant made were submitted to the respondent, the Department of Natural Resources, and though claimant was never notified that the plans had been accepted, apparently the plans were adopted, as the work was later done on the reclamation strip in accordance with the plans.
From the testimony, while not specific as to time, it would appear that the claimant started immediately at work on the project but was unable to get specific information or direction from the Governor’s Office or the respondent’s office or officers as to any details of the program or the scholarships. Some of the testimony indicated that the project had been abandoned and that no one wanted to take any responsibility for the brochures or the work of any student. Claimant testified that he made numerous trips to the Capitol to see about his claim but to no avail. There is no evidence which indicates that the claimant was ever notified of a termination of the project or that claimant should cease to pursue or perform further work on the project. Unquestionably the respondent completely abandoned the project outlined in its brochure, but the claimant in good faith relied upon the brochure and expended his time and effort to perform, and his work was impliedly accepted.
As is so often the case in dealings of citizens with public authorities, the strictness and clearness of contractual relations do not exist and we feel it necessary in order to do justice that we should be liberal in interpreting the acts of individuals in such dealings. In view of all the facts, we are of the opinion that to disallow this claim would be to approve unfair conduct on the part of State officers.
Inasmuch as the nature and kind of scholarship was too vague and uncertain, compensation to claimant can only be made on the basis of monetary compensation for the work done and therefore, on a quantum meruit basis we hereby award the claimant the sum of $1500.00.
Award of $1500.00.